**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2018-30 |
| | ) | |
| WAYNE BELLILLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ATTORNEYS:

**Gretchen Shappert, United States Attorney**
**Alessandra Parisi Serano, AUSA**
**Meredith Edwards, AUSA**
**Juan Albino, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Alexander Golubitsky**
Alex Golubitsky P.C.
St. Thomas, U.S.V.I.
    *For Wayne Bellille.*

**ORDER**

**GÓMEZ, J.**

Before the Court are the motions of Attorney Alex
Golubitsky to be relieved as counsel for Wayne Bellille.

**I. FACTUAL AND PROCEDURAL HISTORY**

On September 13, 2018, a federal grand jury returned a
seven count indictment against three defendants. On November 5,
2018, the Grand Jury returned a superseding indictment that
added both new charges and Wayne Bellille ("Bellille") as an
additional defendant. Since that date, the Grand Jury has

returned a second, third, and fourth superseding indictment

which have added additional charges and defendants.

The Fourth Superseding Indictment, returned on April 25,

2019, charges eleven defendants with forty-seven criminal

counts. In general, the Fourth Superseding Indictment lays out a

vast and wide-ranging criminal conspiracy that is alleged to

have involved multiple armed robberies and multiple drug

trafficking operations along with various murders, attempted

murders, and assaults in furtherance of those endeavors.

Bellille is charged with seven counts alleging firearm,

controlled substance, and Hobbs Act violations.

Bellille was unable to afford counsel. As such the Court

appointed Attorney Julie Evert ("Attorney Evert") to represent

Bellille on November 7, 2018. Afterward, irreconcilable

differences arose between Attorney Evert and Bellille. On March

25, 2019, the Magistrate Judge relieved Attorney Evert as

counsel for Bellille. On the same day, Attorney Alexander

Golubitsky ("Attorney Golubitsky") was appointed to represent

Bellille in this matter.

On April 5, 2019, Attorney Golubitsky filed a motion to

withdraw from the representation of Bellille. Attorney

Golubitsky's motion to withdraw was based on his assertion that

acceptance of this appointment would result in an unreasonable

financial burden on Attorney Golubitski. Additionally, Attorney

Golubitsky argued that his position as in-house counsel to a

Virgin Islands company would not permit him to dedicate the

amount of time necessary to provide competent legal

representation in this matter.

On April 25, 2019, the Court heard argument from Attorney

Golubitsky on his motion to withdraw. At that time, Attorney

Golubitsky explained that he works full time as in-house counsel

to a Virgin Islands company. Additionally, Attorney Golubitsky

stated that he otherwise works on a small number of pro bono

projects in federal court. Attorney Golubitsky further

represented that he had only one such pro bono project currently

then in this Court, *Duncan v. Government of the Virgin Islands

et al.*, Civil No. 3:18-cv-00057. On April 26, 2019, the Court

denied Attorney Golubitsky's motion to withdraw.

On August 8, 2019, Bellille filed a renewed motion to

withdraw as counsel for Bellille in this matter. In that motion,

Attorney Golubitsky asserts that his continued representation of

Bellille will result in Bellille not having effective assistance

of counsel unless the Court authorizes an adequate budget for

representation--including authorization of funds for an

associate counsel. Attorney Golubitsky also argues that the

Court does not have the authority to require that Attorney

Golubitsky represent a defendant in a criminal matter without

Attorney Golubitsky's consent.

On September 20, 2019, Attorney Golubitsky filed an

emergency motion to withdraw as counsel for Bellille. In his

motion, Attorney Golubitsky argues that he is required to

withdraw from this case because of a current, unwaivable,

conflict of interest in continuing to represent Bellille.

Attorney Golubitsky informs the Court that on September 11,

2019, he associated with the law firm DiRuzzo & Company on an

"of counsel" basis. Attorney Joseph DiRuzzo, III, ("Attorney

DiRuzzo") of DiRuzzo & Company represents Aracelis N. Ayala

("Ayala"). Based on conversations with the United States in this

matter, Attorney Golubitsky understands that Ayala will be a

witness at trial in the present matter.[1]

On October 30, 2019, the Court held a hearing on Attorney

Golubitsky's motions to withdraw. At that hearing, the Court

inquired as to the extent of the relationship between Attorney

Golubitsky and DiRuzzo & Company.

> MR. GOLUBITSKY: . . . I'm associated with Attorney Joseph
> DiRuzzo, who I'm sure the Court is familiar with, and as
> of counsel –
>
> THE COURT: Tell me what associated means.

---

[1] At the time Attorney Golubitsky filed his emergency motion, trial was
scheduled to commence on December 3, 2019. Since that time, the trial date
has been rescheduled several times. Presently, the trial is scheduled to
commence on May 18, 2020.

> MR. GOLUBITSKY: Oh, I'm of counsel with his firm.
>
> THE COURT: Well, what does that mean?
>
> MR. GOLUBITSKY: It means that I am working with his law firm. I've set up, you know, I'm on his system; I can bill through his billing software; I'm on his malpractice insurance.
>
> THE COURT: Are you working part time or full time?
>
> MR. GOLUBITSKY: Well, I work full time.
>
> THE COURT: With Attorney DiRuzzo?
>
> MR. GOLUBITSKY: No.
>
> THE COURT: Okay. Go ahead.
>
> MR. GOLUBITSKY: The reason why I've associated with Counsel, Attorney DiRuzzo, is we're litigating a number of cases together. And counting this one, it would be five cases which we will be litigating together, and so, it certainly makes sense for me to avail myself to become of counsel with his firm.

*See* Tr. at 2:23-3:20, October 30, 2019, ECF No. 636. The Court also inquired as to whether Attorney Golubitsky had shared any information regarding his representation of Bellille with Attorney DiRuzzo.

> THE COURT: . . . Is there, to your knowledge -- well, I'll just ask you. The work that you've undertaken for Mr. Bellille, have you done anything that would cause you to review matters that involve the representation of Ms. Ayala by Attorney DiRuzzo?
>
> MR. GOLUBITSKY: No, Your Honor.
>
> THE COURT: Okay. And have you shared any information that you have about Mr. Bellille with Mr. DiRuzzo, substantive information like trial strategy, tactics, et cetera?

MR. GOLUBITSKY: Well, I mean –

THE COURT: I'm not talking about what's disclosed in
open court. But I'm just talking about, you know –

MR. GOLUBITSKY: I think I can say that, the best way to
say it is in a general sense Attorney DiRuzzo and I have
discussed the likelihood that Ayala would be a witness
in this trial.

*See id.* at 10:5-22.

Thereafter, the Court found that there was no basis to
grant Attorney Golubitsky's motion to withdraw. Nevertheless,
the Court continued the hearing to October 31, 2019, in order to
hear from Attorney DiRuzzo. The Court also informed Attorney
Golubitsky that he could submit any supplemental information
prior to the continued hearing.

On the same day, Attorney Golubitsky filed a supplemental
motion to withdraw as counsel for Bellille. In his motion,
Attorney Golubitsky argues that his continued representation of
Bellille is a violation of Bellille's Sixth Amendment right to
conflict-free counsel. Additionally, Attorney Golubitsky
reasserts his argument that this Court never had the authority
to appoint him to represent Bellille.

The hearing continued on October 31, 2019. At that time,
the Court inquired of Attorney DiRuzzo as to the extent of the
relationship between Attorney Golubitsky and DiRuzzo & Company.

> THE COURT: . . . Attorney DiRuzzo, I wanted to see if we could establish certain things. Tell us, what is the office where you work. What's the name of it?
>
> MR. DIRUZZO: My law office is Joseph DiRuzzo, III, PA. PA stands for Professional Association, which is a legal entity under Florida law. It goes by the d/b/a of DiRuzzo and Company.
>
> THE COURT: Okay. Attorney DiRuzzo, what is your relationship, business relationship, with Attorney Golubitsky?
>
> MR. DIRUZZO: He is of counsel to my firm.
>
> THE COURT: Okay. And what does that mean?
>
> MR. DIRUZZO: That means that we are working on cases together; he has access to my billing software, and I have included him on my malpractice insurance.
>
> THE COURT: All right. So, would it be fair to say that Attorney DiRuzzo is working with you on selected matters?
>
> MR. DIRUZZO: That Attorney Golubitsky is working?
>
> THE COURT: I'm sorry. Attorney Golubitsky is working with you on selected matters?
>
> MR. DIRUZZO: Yes.

*See* Tr. at 4:21-5:18, October 31, 2019, ECF No. 637. The Court also inquired as whether either Attorney DiRuzzo or Attorney Golubitsky had had any involvement in the representation of the others' client.

> THE COURT: All right. Do you have any direct involvement in the representation of Wayne Bellille?
>
> MR. DIRUZZO: No.
>
> THE COURT: Okay. Does or has Attorney Golubitsky had any direct involvement in representing Aracelis Ayala?

MR. DIRUZZO: No.

*Id.* at 5:19-25. Thereafter, the Court excused Attorney DiRuzzo.

Subsequently, the Court sought further details regarding

Attorney Golubitsky's employment and relationship to DiRuzzo &

Company.

> THE COURT: Okay. Yesterday you said you work full time. Where do you work full time? What constitutes the full-time work that you spoke of yesterday?
>
> MR. GOLUBITSKY: Your Honor, as I made it clear when I initially moved to withdraw from this case back in April, I'm in-house counsel for a company called Breasonix Holdings VI, LLC. That's my full-time employment.
>
> THE COURT: And for that entity, you work full time with that entity. Is that correct?
>
> MR. GOLUBITSKY: Yes, Your Honor.
>
> THE COURT: Okay. All right. And so, your relationship with Attorney DiRuzzo would be regarded as, what, part time? It's not full time. Is that correct?
>
> MR. GOLUBITSKY: Correct.

*Id.* at 10:10-25.

Thereafter, the Court denied Attorney Golubitsky's motions

to withdraw. Specifically, the Court found that

> what the Court has before it is a relationship with Attorney DiRuzzo that seems related to certain matters. It is certainly not a full-time relationship. It might be, for a lack of a better category, a part-time relationship or an ad hoc relationship with respect to certain matters. Significantly, neither attorney has been directly involved in the representation of any of the clients that each of the attorneys represent here. And when I say the clients, I'm referring in the case of

Attorney Golubitsky to Mr. Bellille and with respect to
Attorney DiRuzzo to Ms. Ayala.

*Id.* at 18:7-18.

## II. DISCUSSION

## A. Appointment of Counsel

"Federal criminal defendants facing imprisonment are
entitled to representation of counsel, *see, e.g.*, U.S. Const.
amend. VI; *Johnson v. Zerbst*, 304 U.S. 458, 462 [] (1938), and
the power of courts to appoint counsel for such defendants is
thus necessary to preserve their constitutional rights." *United
States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir.
1986). "The United States by statute . . . make[s] it the duty
of the trial judge, where the accused is unable to employ
counsel, to appoint counsel for him." *Powell v. Alabama*, 287
U.S. 45, 73 (1932).

Under the Criminal Justice Act ("CJA"), 18 U.S.C. §3006A,
all persons charged with federal criminal offenses who are
financially unable to obtain counsel are entitled to appointment
of counsel to represent them. The CJA requires that each United
States district court--including the District Court of the
Virgin Islands, *see* 18 U.S.C. § 3006A(j)--have a plan for
furnishing representation to any eligible defendant. *See* 18
U.S.C. § 3006A(a). Pursuant to the plan, the CJA authorizes a
district court to appoint private attorneys "from a panel of

attorneys designated or approved by the court, or from a bar

association, legal aid agency, or defender organization." *See* 18

U.S.C. § 3006A(b).

"Attorneys are officers of the court, and are bound to

render service when required by such an appointment." *Powell*,

287 U.S. at 73; *see also Barnard v. Thorstenn*, 489 U.S. 546,

557-58 (1989) (recognizing the legitimacy of the Bar of the

District Court of the Virgin Islands's interest in requiring its

entire membership to share in the burdens of providing

representation to indigent defendants in criminal cases);

*Supreme Court of N.H. v. Piper*, 470 U.S. 274, 287 (1985)

(explaining that a State can require both resident and

nonresident members of a state bar to represent indigent

defendants as a condition for practice before the bar).

## B. Conflict of Interest

The Local Rules of the District Court of the Virgin Islands

provide that "each attorney admitted or permitted to practice

before this Court shall comply with the standards of

professional conduct required by the Model Rules of Professional

Conduct (the 'Model Rules'), adopted by the American Bar

Association, as amended." *See* LRCi 83.2(a)(1).

Model Rule 1.7 governs the ethical obligations of attorneys where a conflict of interest exists between current clients. Model Rule 1.7 provides that

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

*See* ABA Model Rules of Professional Conduct Rule 1.7.

Model Rule 1.10 governs the ethical obligations of

attorneys where attorneys are associated in a firm. Model

Rule 1.10 in pertinent part provides that

> (a) While lawyers are associated in a firm, none of them
> shall knowingly represent a client when any one of them
> practicing alone would be prohibited from doing so by
> Rule[] 1.7 . . .

*See* ABA Model Rules of Professional Conduct Rule 1.10(a).

## III. ANALYSIS

### A. Appointment of Counsel

#### 1. Authority to Appoint

Attorney Golubitsky argues that this Court does not have

the authority to appoint him to represent a criminal defendant.

Pursuant to the CJA, the District Court of the Virgin

Islands has established a plan for furnishing representation to

any eligible defendant (the "CJA Plan"). *See* United States

District Court District of the Virgin Islands, Criminal Justice

Act Plan (Revised 2011) [hereinafter CJA Plan], *available at*

https://www.vid.uscourts.gov/sites/vid/files/cja_plan_vid.pdf.

Appendix II to the CJA Plan provides a plan for the composition,

administration, and management of the panel of private attorneys

authorized by the CJA. CJA Plan app. II. Pursuant to this plan,

this Court maintains a panel of attorneys (the "CJA Panel") from

which it appoints attorneys to represent criminal defendants

when the Federal Public Defender is not appointed. Additionally,

the plan in pertinent part provides that, "[t]o the extent the existing panel is inadequate to provide representation as required, the appointing Judge may then consider the list of all attorneys admitted to practice in the District Court." *Id.* at 3.

The Federal Public Defender and a majority of the members of the CJA Panel have conflicts of interest that prevent them from being appointed to represent any of the defendants in this case. In short, the existing CJA panel is inadequate to provide representation as required to the defendants in this matter. Consequently, the Court considered the list of all attorneys admitted to practice in the District Court when appointing counsel to each defendant in this matter. Even with that range of options, finding counsel to represent the several defendants in this case has been an arduous task for the Court.

With respect to Attorney Golubitsky, he is admitted to the Bar of the District Court of the Virgin Islands. As such, Attorney Golubitsky is subject to both the privileges and the responsibilities of such admission, including appointments to represent indigent defendants. The Court is unaware of any authority that limits its power to appoint attorneys under the CJA who are admitted to practice before this Court.

## 2. Scope of Appointment

When an attorney is appointed under the CJA to represent an eligible defendant, that attorney is responsible for representing the defendant through every stage of the proceedings. *Cf.* 18 U.S.C. § 3006A(c) ("A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the U.S. magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings.").

Here, Attorney Golubitsky was appointed by the Court to represent Bellille in this matter. As such, Attorney Golubitsky is the individual attorney ultimately responsible for the representation of Bellille.

## B. Conflict of Interest

Attorney Golubitsky asserts that he has a current unwaivable conflict of interest with his continuing representation of Bellille in this matter. The alleged conflict is premised on the representation of Ayala by Attorney DiRuzzo. Attorney Golubitsky argues that, because he is associated with Attorney DiRuzzo through the firm DiRuzzo & Company, Attorney DiRuzzo's representation of Ayala imputes to Attorney Golubitsky under Model Rule 1.10. Because Ayala is expected to be a witness for the government in this matter, Attorney Golubitsky argues

*United States v. Bellille, et al.*
Criminal No. 2018-30
Order
Page 15

that he is ethically proscribed from cross-examining her at
trial.

"Conflicts of interest arise whenever an attorney's
loyalties are divided . . . and an attorney who cross-examines
[] clients inherently encounters divided loyalties." *United
States v. Moscony*, 927 F.2d 742, 750 (3d Cir. 1991). As such, if
Attorney Golubitsky individually represented both Bellille and
Ayala, there would certainly be a conflict of interest. However,
Attorney Golubitsky does not represent Ayala, Attorney DiRuzzo
does. As such, the Court must determine whether Attorney
Golubitsky's relationship with DiRuzzo & Company causes the
conflict arising from Attorney DiRuzzo's representation of Ayala
to impute to Attorney Golubitsky.

Significantly, although "an attorney's conflicts are
ordinarily imputed to his firm based on the presumption that
'associated' attorneys share client confidences, . . . attorneys
with limited links to a firm are not always considered to be
'associated' with the firm for purposes of conflict imputation."
*Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d
127, 133 (2d Cir. 2005). Indeed, while "some courts have treated
the presumption that confidences are shared within a firm as
irrebuttable, there is a 'strong trend[]' . . . toward allowing

the presumption of confidence sharing within a firm to be

rebutted." *Id.*

"Whether an attorney is associated with a firm for purposes

of conflict imputation depends in part on the existence and

extent of screening between the attorney and the firm."

*Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d

127, 134 (2d Cir. 2005). For example, "[a]n 'of counsel'

attorney, who handles matters independent of his firm and

scrupulously maintains files for his private clients separate

from the files of the firm, is less likely to be considered

associated with the firm with respect to those clients than

another attorney in the same position whose client files are not

effectively segregated from those of the firm." *Id.*

Significantly, the Second Circuit has concluded that "the

better approach for deciding whether to impute an 'of counsel'

attorney's conflict to his firm for purposes of ordering

disqualification in a suit in federal court is to examine the

substance of the relationship under review and the procedures in

place." *Id.* at 135.

> The closer and broader the affiliation of an "of counsel"
> attorney with the firm, and the greater the likelihood
> that operating procedures adopted may permit one to
> become privy, whether intentionally or unintentionally,
> to the pertinent client confidences of the other, the
> more appropriate will be a rebuttable imputation of the
> conflict of one to the other. Conversely, the more
> narrowly limited the relationship between the "of

counsel" attorney and the firm, and the more secure and
effective the isolation of nonshared matters, the less
appropriate imputation will be. Imputation is not always
necessary to preserve high standards of professional
conduct. Furthermore, imputation might well interfere
with a party's entitlement to choose counsel and create
opportunities for abusive disqualification motions.

*Id.* at 135-36.

In *United States v. Kilpatrick*, 798 F.3d 365 (6th Cir.

2015), the Sixth Circuit cited *Hempstead Video* with approval. In

*Kilpatrick*, Kwame Kilpatrick ("Kilpatrick"), the former mayor of

Detroit, was charged with numerous counts of bribery, extortion,

mail and wire fraud, RICO conspiracy, and tax evasion stemming

from an alleged conspiracy to extort money from Detroit-area

contractors. *Kilpatrick*, 798 F.3d at 373. Prior to his

indictment, Kilpatrick had retained James Thomas ("Thomas") to

represent him in unrelated matters. *Id.* After Kilpatrick was

indicted, the district court--upon Kilpatrick's request--

appointed Thomas and Michael Naughton ("Naughton") as

Kilpatrick's counsel under the Criminal Justice Act. *Id.*

After Kilpatrick was indicted, but before his trial, the

Macomb Interceptor Drain Drainage District ("Macomb") filed a

civil complaint against Kilpatrick as lead defendant in a case

involving the Macomb Drain project--one of the city sewer

department projects that was connected to the criminal case. *Id.*

Macomb was represented by the firm of O'Reilly Rancilio P.C.

("the O'Reilly Firm"). *Id.* Thereafter, Thomas and Naughton

became "of counsel" attorneys with the O'Reilly Firm. *Id.*

Shortly before the criminal trial, the district court asked

for briefing on all possible conflicts. *Id.* At a conflict

hearing, Thomas explained that he and Naughton maintained a

separate office from the O'Reilly Firm, had separate electronic

filings systems, and had no financial ties to the Macomb Drain

litigation. *Id.* at 374. Thereafter, the district court declined

to disqualify Kilpatrick's attorneys.[2] *Id.* After being convicted

of numerous counts at trial, Kilpatrick appealed, claiming that

he was denied his constitutional right to conflict-free counsel.

Specifically, Kilpatrick argued that Thomas and Naughton had an

actual conflict of interest due to the O'Reilly Firm's

simultaneous representation of the plaintiff in the civil suit

against Kilpatrick. *Id.*

The Sixth Circuit found that Kilpatrick's ineffective-

assistance claim failed because he could not show that "his

attorneys actively represented conflicting interests." *Id.* at

375. The Sixth Circuit explained that

> [a]lthough a lawyer's conflicts are ordinarily imputed
> to his or her firm based on the presumption that
> associated attorneys share client confidences, contrary
> to the Michigan ethics opinion, "attorneys with limited
> links to a firm are not always considered to be

---

[2] The district court did appoint a separate attorney to cross-examine the witnesses related to the Macomb Drain project. *Kilpatrick*, 798 F.3d at 374.

'associated' with the firm for purposes of conflict
imputation." *Hempstead Video*, 409 F.3d at 133 (citing,
among others, *Manning v. Waring, Cox, James, Sklar &
Allen*, 849 F.2d 222, 224 (6th Cir. 1988) (holding that
screening measures can rebut the presumption of shared
confidences)). Here, in light of (1) the "thick ethical
wall" between Kilpatrick's counsel and the firm; . . .
and (3) the court's decision to appoint a fourth defense
attorney to cross-examine the Macomb Drain contract
witnesses, the district court plausibly determined that
no actual conflict existed. Furthermore, on account of
the ethical wall separating Thomas and Naughton from the
O'Reilly Firm (and the physical distance between the two
offices), the district court properly concluded that
Kilpatrick's lawyers were not so closely associated with
the O'Reilly Firm that the firm's conflict of interest
should be imputed to them. *See Hempstead Video*, 409 F.3d
at 132-36 (discussing the variation in "of counsel"
relationships and adopting a functional approach that
focuses on the substance of the relationship and the
nature of the screening procedures to determine whether
to impute a conflict of interest).

*Id.* at 375-76.

While *Hempstead Video* and *Kilpatrick* are not binding on

this Court, they are persuasive here. In this matter, Attorney

Golubitsky asserts that he associated with the law firm DiRuzzo

& Company on an "of counsel" basis approximately five and one

half months after his appointment as counsel for Bellille in

this matter. DiRuzzo & Company is located in Florida.

Significantly, Attorney Golubitsky continues to work full time

as in-house counsel for a Virgin Islands company. Moreover,

Attorney Golubitsky is litigating only four cases with DiRuzzo &

Company. While Attorney Golubitsky is "set up . . . on [DiRuzzo

& Company's] system; [] can bill through [DiRuzzo & Company's]

billing software; [and is] on [DiRuzzo & Company's] malpractice insurance," *see* Tr. at 3:6-8, October 30, 2019, ECF No. 636, Attorney Golubitsky confirmed that he has not shared any information regarding his representation of Bellille with Attorney DiRuzzo or DiRuzzo & Company. Attorney Golubitsky and Attorney DiRuzzo have also each confirmed that neither has been involved with the representation of the others' respective client.

Viewing the totality of the circumstances surrounding the relationship between Attorney Golubitsky and DiRuzzo & Company, the Court finds that the relationship is narrowly limited such that Attorney Golubitsky and Attorney DiRuzzo may effectively isolate their nonshared matters, specifically the representations of Bellille and Ayala respectively. As such, the Court finds that there is no conflict between Attorney DiRuzzo's representation of Ayala and Attorney Golubitsky's representation of Bellille.

The premises consider, it is hereby

**ORDERED** that Attorney Golubitsky's several motions to withdraw from the representation of Bellille in this matter are **DENIED.**

S\_____
                **Curtis V. Gómez**
                **District Judge**